## John M. Hamilton v. John P. Stafford.

1. APPELLATE COURT PRACTICE—*Points Not to be Raised for the First Time in the Appellate Court.*—Upon an appeal from the decision of the trial court denying a motion to set aside an order of dismissal, grounds not presented to the trial court can not be raised in the Appellate Court.

2. COURTS—*Not Bound by Verbal Agreements of Attorneys.*—Indefinite verbal agreements of attorneys permitting cases to remain upon the docket do not bind the court.

3. PRACTICE—*When a Party Can Not Complain of the Denial of a Motion to Set Aside Order Dismissing His Appeal.*—A party can not be said to have been harmed by the refusal of the court to set aside an order dismissing his appeal unless it appears that he has a meritorious defense to the action.

**Forcible Detainer.**—Trial in the Circuit Court of DuPage County, on appeal from a justice of the peace; the Hon. CHARLES A. BISHOP, Judge, presiding. Order dismissing appeal entered on call. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

### STATEMENT.

Appellant was sued by appellee in an action of forcible detainer before a justice of the peace. A judgment was there rendered against him on May 25, 1897, and he appealed therefrom to the Circuit Court. His appeal bond was filed with the justice of the peace May 27, and the transcript was filed in the Circuit Court June 10, 1897. On November 3, 1897, at the October term of the Circuit Court, the appeal was dismissed on call. Thereafter at said term appellant moved to set aside the order of dismissal. That motion was heard and denied. Thereupon appellant appealed to this court. The sole considerations (so far as appears by the record) which appellant presented to the court below to induce that court to set aside the order of dismissal were, first, that appellee's attorney had agreed to notify him of proceedings in the case and failed to do so; and second, that appellant had a meritorious defense. In this court these points were barely noticed on the last page of appellant's original brief, but the original contest here was based upon

Hamilton v. Stafford.

the position there was no complaint in the record and there-
fore there was no jurisdiction in the court below.   Appellee
then suggested a diminution of the record and by leave of
this court filed an additional record containing a complaint
and other papers which the court below had given leave to
file *nunc pro tunc*.   Appellant then suggested a diminution
of the record, and by leave of this court filed a third record
which contained a bill of exceptions showing what proof
was before said court when it granted leave to file said papers
*nunc pro tunc*.   Upon said third record appellant assigned
additional error attacking the action of the court in permit-
ting said papers to be filed *nunc pro tunc*.

WALTER G. KRAFT, attorney for appellant.

J. F. SNYDER, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of
the court.

We can not agree with appellant that the original tran-
script of the justice failed to show any complaint was filed
with him.   The original transcript recites,· " April — ——
of John P. Stafford, setting forth that said John P. Stafford
is entitled to the possession of certain premises therein
described," etc.   The judgment rendered by the justice
found defendant " guilty of a forcible detainer of the prem-
ises described in the complaint, to wit, lot 9 in block 5, in
the town of Warrenville, DuPage county, Illinois."   This
reference sufficiently shows there was a complaint in writ-
ing.   Upon the subsequent hearing before the court it was
shown without contradiction that when the transcript was
filed with the circuit clerk the date and the word " com-
plaint" occupied the blank space at the head of the tran-
script, and that they had afterward been erased.

At the hearing of the application for leave to file the
complaint and other papers *nunc pro tunc* it appeared they
had been for an indefinite time in the clerk's office and in
the wrapper containing the files, but without file marks

upon them. The justice testified he filed them with the clerk of the court with the transcript. Appellant's attorney testified that at a certain date he did not find said papers in said wrapper, and at a certain later date he found them therein but not filed. The clerk of the court did not know when said papers reached his office. We think the court committed no error in permitting said papers to be filed as of the date when the transcript was filed. The testimony of the justice shows he filed them with the transcript, and their failure to receive the file mark then seems to have been due to some mistake in the clerk's office for which appellee is not responsible. We are further of opinion appellant ought not to be permitted to present here reasons for vacating said order of dismissal which he did not present upon the hearing of his motion therefor in the court below.

The claim that appellant's attorney had been wronged by appellee's attorney has very slight support in the evidence. Appellant's attorney relies on a conversation he had with appellee's attorney on May 20, 1897, in which he claims the latter told him he would at any time bring him " any papers he might desire that might be filed in the cases and notify him as to the proceedings generally." At that time said attorneys were returning from a hearing of another case between the same parties before a judge of the Circuit Court of Lake County at Waukegan. The present suit was then pending before the justice of the peace in DuPage county. No judgment had been rendered. Appellant and his attorney did not appear at the subsequent trial before the justice, and they do not claim appellee's attorney notified them of such trial, though they learned of the judgment and perfected an appeal from it. The language quoted is too vague to be construed to mean that no action would ever afterward be taken in the Circuit Court in said detainer suit then pending before the justice of the peace, if said suit should ever reach the Circuit Court, without first serving notice on appellant's attorney. Several conversations with a clerk and with a student in the office of appellee's attorney are shown, in which appellant's attorney told the stu-

dent and clerk, respectively, that such a contract had been made, and received the reply that it would no doubt be observed. The case was on the docket of the Circuit Court nearly five months. It is not shown that appellant's attorney ever appeared there for appellant or ever did anything toward watching the case or preparing for trial. The record justifies the conclusion that the case was reached for trial on the call of the docket. Such indefinite verbal arrangements as are here set up did not bind the court to permit the case to stay on the docket.

Appellant has not been harmed unless he had a meritorious defense. We do not think he has shown that. He is in possession under a time contract. He paid $100 in 1892, and was to pay $400 in January, 1897, and was to receive a good title. Before the time was up he had served a lengthy notice that the title was not good. It is evident he did not intend to pay and take the title appellee had. The defect set up is that a deed is missing from the records in the chain of title from the government. It is charged that appellee's title of record begins with a deed to John R. Grant in 1856. That was forty-one years before this last payment was due. If Grant and his successors in title have been in possession ever since, the title is good against the world. Indeed, appellant testifies that appellee is abundantly able to make a good title, either by supplying the missing deeds of conveyance or by affidavits. He even states the names and places of residence of several parties by whom it can be made good. If it can be made good by affidavits, that means the title is good, and affidavits can be obtained to preserve the proof of it. Appellant's testimony justifies the inference that he has consulted the parties he names and ascertained the title is good. We think under the proof here presented appellant was bound to pay the money or surrender possession, and therefore he has not been harmed by the dismissal of his appeal. The judgment will be affirmed.